

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

January 28, 1955

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-150

Re: Whether S. J. R. No. 14 as it pertains
to the Texas Turnpike Authority pro-
hibits the State Highway Commission
from spending further funds as author-
ized under Sec. 20 of House Bill No. 4
of the 53rd Legislature.

Dear Mr. Calvert:

You request our opinion with reference to the above cap-
tioned matter. Your question reads as follows:

"The question has now arisen as to whether
S.J.R. No. 14 as voted on by the people in the Gener-
al Election on November 2 prohibits the State High-
way Commission's spending further moneys as
authorized under Section 20 of House Bill No. 4. I
shall thank you to advise this department in the pre-
mises."

Senate Joint Resolution No. 14 which proposed an amend-
ment to Article III of the Constitution of Texas was submitted to the
voters of this State on November 2, 1954, and carried by a majority vote.
This constitutional amendment became effective on November 19, 1954.

A constitutional amendment speaks from its effective
date. Therefore, until the effective date of the amendment in question,
the Legislature had the power and authority to lend the credit of the
State to a public agency, to grant public money to a public agency and to
assume the indebtedness of a public agency in furtherance of a State
governmental function. Of course, the construction of public highways
is a public duty and a State governmental function.

The constitutional amendment, as submitted by the Legislature, reads as follows:

"Section 52-b. The Legislature shall have no power or authority to in any manner lend the credit of the State or grant any public money to, or assume any indebtedness, present or future, bonded or otherwise, of any individual, person, firm, partnership, association, corporation, public corporation, public agency, or political subdivision of the State, or anyone else, which is now or hereafter authorized to construct, maintain or operate toll roads and turnpikes within this State."

House Bill No. 4, Chapter 410, Acts of the 53rd Legislature, Regular Session, 1953, created the Texas Turnpike Authority and constituted it a public agency and prescribed its powers and duties. This act became effective on May 27, 1953. Section 20 provides as follows:

"The State Highway Commission is hereby authorized in its discretion, if and to the extent requested by the Authority, to expend out of any funds available for the purpose, such moneys as may be necessary for the study of a Project and to use its engineering and other forces, including consulting engineers and traffic engineers, for the purpose of effecting such study and to pay for such additional engineering and traffic and other expert studies as it may deem expedient and all such expenses incurred by the State Highway Commission prior to the issuance of turnpike revenue bonds under the provisions of this Act, shall be paid by the State Highway Commission and charged to such Project, and the State Highway Commission shall keep proper records and accounts showing each amount so charged. Upon the sale of turnpike revenue bonds for any such project, the funds so expended by the State Highway Commission in connection with such Project shall be reimbursed to the State Highway Commission from the proceeds of such bonds."

Funds were appropriated by the 53rd Legislature in the departmental appropriation bill to the Texas Highway Commission which are available to pay for the preliminary expenses enumerated in said Section 20.

It is clear to us that the public money in question, which was made available by the 53rd Legislature to pay for the preliminary expenses enumerated in said Section 20, was granted by the Legislature before the effective date of the constitutional amendment. It is likewise clear that House Bill No. 4 in effect lent the credit of the State and assumed certain indebtedness prior to the constitutional inhibition.

You are, therefore, advised that the constitutional amendment in question does not prohibit the State Highway Commission from expending out of the available funds appropriated by the 53rd Legislature such moneys as may be necessary to pay for the preliminary expenses as authorized in Section 20 of House Bill No. 4.

## SUMMARY

The constitutional amendment submitted to the voters by Senate Joint Resolution No. 14 will not prohibit the State Highway Commission from expending out of available funds appropriated by the 53rd Legislature such moneys as may be necessary to pay for the preliminary expenses as provided for in Section 20 of House Bill No. 4, Chapter 410, Acts of the 53rd Legislature, Regular Session, 1953.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

WVG:rn

By _____
      Assistant

APPROVED:

J. A. Amis, Jr.
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General